## Southwest Coal & Coke Co., Plff. in Err., *v.* Samuel Warden.

One of several tenants in common of mining property was asked to state terms on which the others might operate his share with theirs, and stated his terms, to which no answer was made by the others, but they proceeded to operate the mine. *Held*, that these facts gave him a right of action; that the acting on the proposal warranted the jury in finding it accepted.

(Decided October 19, 1885.)

Error to the Common Pleas of Westmoreland County to review a judgment for plaintiff in an action of assumpsit. Affirmed.

In 1881 Warden and several others were tenants in common of a coal mine. By mutual consent they were operating the mine and making the most out of it they could, and the coal was being sold at the best price they could get. While this ar-

NOTE.—In general, the party making a proposal must be notified of its acceptance before the contract is complete. Warren v. Daum, 73 Pa. 433; Emerson v. Graff, 29 Pa. 358; Borland v. Guffey, 1 Grant Cas. 394. But if work proceeds in accordance with a stipulation in the proposal, which the promisor could learn by inquiry, notice of the acceptance need not be given. Hoffman v. Bloomsburg & S. R. Co. 157 Pa. 174, 27 Atl. 564.

rangement was in being a corporation was created by some of the plaintiff's cotenants. A meeting of the corporators was called, and all were present. The plaintiff refused to take stock, or go into the body politic, and, when asked by the others what they should do with his interest, he replied they should go ahead and run the works, or words to that effect, and give him his share of the profits. No reply was made, but they did go on with the works, as suggested by him, and in the same manner as they had been run before, and the company paid him under the old arrangement; but less profits than they were actually making. He refused to accept the sums paid as "in full" and gave receipts "on account;" and at length brought this action against the company for his full share of actual profits. Under the charge of the court the jury found a verdict in his favor, and the company brought error to review the judgment thereon.

*Willis McCook* and *Welty McCullogh,* for plaintiff in error.— If there was no contract to share profits with Warden, he certainly is not entitled to recover profits, but only the value of the coal in the hill at the instant of severing, or of the coal at the pit-mouth, less expenses. Forsyth v. Wells, 41 Pa. 291, 80 Am. Dec. 617; Coleman's Appeal, 62 Pa. 252; Lykens Valley Coal Co. v. Dock, 62 Pa. 232; Herdic v. Young, 55 Pa. 178, 93 Am. Dec. 739.

Between tenants in common, declarations must allege that they are tenants in common, and that defendant has taken more than his share. McFadden v. Sallada, 6 Pa. 283; Irvine v. Hanlin, 10 Serg. & R. 219.

*J. A. Marchand* and *Moorhead & Head* for defendant in error.

Per Curiam:

Notwithstanding the able and earnest argument of the counsel for the plaintiff in error, we discover no error in this case. The declaration avers both an express contract and an implied promise to pay. The parties were tenants in common, not copartners. The party working the mines should most unquestionably pay over to its cotenant some portion of the money realized by a sale of their joint property. How much that should be was submitted to the jury to find under the evidence, in a clear and correct charge.

Judgment affirmed.